**United States Department of Justice**

United States Attorney
Southern District of West Virginia

---

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

FILED
AUG 18 2015
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

August 3, 2015

John D. Wooton, Jr., Esq.
Wooton, Wooton & Davis, PLLC
201 N. Kanawha Street
Beckley, WV 25801

    Re: United States v. Owynn A. Rogers
       Criminal No. 5:15-cr-00084 (USDC SDWV)

Dear Mr. Wooton:

  This will confirm our conversations with regard to your client, Owynn A. Rogers (hereinafter "Ms. Rogers"). As a result of these conversations, it is agreed by and between the United States and Ms. Rogers as follows:

  1. **PENDING CHARGES**. Ms. Rogers is charged in a three-count indictment as follows:

    Counts One through Three each charge Ms. Rogers with a violation of 18 U.S.C. §§ 472 (Uttering Counterfeit Obligation) and 2 (Aiding and Abetting).

  2. **RESOLUTION OF CHARGES**. Ms. Rogers will plead guilty to Count One of said indictment, which charges her with a violation of 18 U.S.C. §§ 472 and 2. Following final disposition, the United States will move the Court to dismiss Counts Two and Three in Criminal No. 5:15-cr-00084 as to Ms. Rogers.

  3. **MAXIMUM POTENTIAL PENALTY**. The maximum penalty to which Ms. Rogers will be exposed by virtue of this guilty plea is as follows:

*OR*
_____
Defendant's
Initials

John D. Wooton, Jr., Esq.  
August 3, 2015                          Re: Owynn A. Rogers  
Page 2

    (a)     Imprisonment for a period of 20 years;

    (b)     A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)     A term of supervised release of three years;

    (d)     A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

    (e)     An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664, or as otherwise set forth in this plea agreement.

4. **SPECIAL ASSESSMENT**. Prior to the entry of a plea pursuant to this plea agreement, Ms. Rogers will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Ms. Rogers will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Ms. Rogers fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Ms. Rogers.

5. **RESTITUTION**. Notwithstanding the offense of conviction, Ms. Rogers agrees that she owes restitution in the amount of $1,600.00 and agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Ms. Rogers further agrees as follows:

    (a)     Ms. Rogers agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United

*OR*  
———————  
Defendant's Initials

John D. Wooton, Jr., Esq.  
August 3, 2015                        Re: Owynn A. Rogers  
Page 3

        States.

(b) Ms. Rogers will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

(c) Ms. Rogers agrees not to dispose of, transfer or otherwise encumber any real or personal property which she currently owns or in which she holds an interest.

(d) Ms. Rogers agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest she may have in and to such property, and waives her right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

(e) Ms. Rogers agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds the amount set forth in this plea agreement. However, nothing in this provision is intended to preclude the Court from ordering Ms. Rogers to pay a greater or lesser sum of restitution in accordance with law.

      6. **PAYMENT OF MONETARY PENALTIES.** Ms. Rogers agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Ms. Rogers further agrees not to object to the District Court imposing

                                                      *OR*  
                                                    Defendant's  
                                                        Initials

John D. Wooton, Jr., Esq.
August 3, 2015                          Re: Owynn A. Rogers
Page 4

any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    7. **COOPERATION.** Ms. Rogers will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Ms. Rogers may have counsel present except when appearing before a grand jury.

    8. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Ms. Rogers, and except as expressly provided for in paragraph ten below, nothing contained in any statement or testimony provided by Ms. Rogers pursuant to this agreement, or any evidence developed therefrom, will be used against Ms. Rogers, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

    9. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Ms. Rogers for any violations of federal or state laws. The United States reserves the right to prosecute Ms. Rogers for perjury or false statement if such a situation should occur pursuant to this agreement.

    10. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Ms. Rogers stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Ms. Rogers agrees that if she withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Ms. Rogers, and Ms. Rogers is subsequently tried on any of the charges

*OR*
_____
Defendant's Initials

John D. Wooton, Jr., Esq.  
August 3, 2015                       Re: Owynn A. Rogers  
Page 5

in the indictment, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Ms. Rogers or of any of her witnesses, or in rebuttal of any testimony introduced by Ms. Rogers or on her behalf. Ms. Rogers knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right she has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

    The United States and Ms. Rogers understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

    11. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Ms. Rogers agree that the following provisions of the United States Sentencing Guidelines apply to this case.

Count One of the Indictment:

    <u>USSG §2B5.1</u>

| | |
|---|---|
| Base offense level | 9 |
| Adjusted offense level | 9 |

    The United States and Ms. Rogers acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

    12. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Ms. Rogers knowingly and voluntarily waives her right to seek appellate review

OR  
_____  
Defendant's  
Initials

John D. Wooton, Jr., Esq.  
August 3, 2015                                    Re: Owynn A. Rogers  
Page 6

of her conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Ms. Rogers also knowingly and voluntarily waives the right to challenge her guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

13.   **WAIVER OF FOIA AND PRIVACY RIGHT.** Ms. Rogers knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

14.   **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a)   Inform the Probation Office and the Court of all relevant facts and conduct;

_OR_  
———————————  
Defendant's  
Initials

John D. Wooton, Jr., Esq.  
August 3, 2015                             Re: Owynn A. Rogers  
Page 7

    (b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c) Respond to questions raised by the Court;

    (d) Correct inaccuracies or inadequacies in the presentence report;

    (e) Respond to statements made to the Court by or on behalf of Ms. Rogers;

    (f) Advise the Court concerning the nature and extent of Ms. Rogers's cooperation; and

    (g) Address the Court regarding the issue of Ms. Rogers's acceptance of responsibility.

    15. **VOIDING OF AGREEMENT.** If either the United States or Ms. Rogers violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

    16. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Ms. Rogers in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Ms. Rogers in any Court other than the United States District Court for the Southern District of West Virginia.

    Acknowledged and agreed to on behalf of the United States:

                                    R. BOOTH GOODWIN II  
                                    United States Attorney

                       By: _____  
                                    Eric P. Bacaj  
                                    Assistant United States Attorney

EPB/flc

                                                       _____  
                                                         Defendant's  
                                                         Initials

John D. Wooton, Jr., Esq.  
August 3, 2015                      Re: Owynn A. Rogers  
Page 8

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this eight-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____        __8/5/15_____  
Owynn A. Rogers                                  Date Signed  
Defendant

_____        __8/5/15_____  
John D. Wooton, Jr., Esq.                     Date Signed  
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

UNITED STATES OF AMERICA

v.                          CRIMINAL NO. 5:15-cr-00084

OWYNN A. ROGERS

## STIPULATION OF FACTS

The United States and Owynn A. Rogers (hereinafter "Ms. Rogers" stipulate and agree that the facts comprising the offense of conviction (Count One in the Indictment in the Southern District of West Virginia, Criminal No. 5:15-cr-00084) and the relevant conduct for that offense include the following:

On April 5, 2014, Ms. Rogers, Paula J. Green and Nyteria D. Green, went to various locations within the Southern District of West Virginia, including those described more specifically herein, for the purpose of purchasing items with counterfeit federal reserve notes (hereinafter "bills") in $100 denominations. Ms. Rogers was involved in the passing of counterfeit bills for approximately one day. Ms. Rogers knew the bills were counterfeit because she was informed by Paula Green that they were created by bleaching genuine $1 bills and printing the image of a $100 bill on the bleached bill.

Ms. Rogers, Paula Green, and Nyteria Green went to Dollar General, located at 5975 Robert C. Byrd Drive, Mt. Hope, West Virginia. At that location, Ms. Rogers did not pass any counterfeit bills and was unaware of the existence of such bills. Upon leaving, Paula Green informed Ms. Rogers of the counterfeit nature of the $100 bills, and Ms. Rogers agreed to pass the counterfeited $100 bills in exchange for keeping the items she purchased in the transactions and returning the genuine currency she received as change to Paula Green.

_OR_
Defendant's Initials

PLEA AGREEMENT EXHIBIT A

Ms. Rogers, Paula Green, and Nyteria Green then went to JCPenney located at the Crossroads Mall in Mt. Hope, West Virginia, in the Southern District of West Virginia. At that location, they passed five counterfeit $100 bills in exchange for goods and genuine currency as change. Serial numbers of counterfeit bills passed at this location matched serial numbers of counterfeit bills passed in other incidents described in this Stipulation.

Ms. Rogers, Paula Green, and Nyteria Green then went to Victoria's Secret, also located at the Crossroads Mall in Mt. Hope, West Virginia, in the Southern District of West Virginia. At that location, the group passed a total of five counterfeit $100 bills, in exchange for goods and genuine currency as change. Serial numbers of counterfeit bills passed at this location matched serial numbers of counterfeit bills passed in other incidents described in this Stipulation.

Ms. Rogers, Paula Green, and Nyteria Green then went to Rue 21, located at 1262-B N. Eisenhower Road, Beckley, West Virginia, in the Southern District of West Virginia. There, the group passed a total of three counterfeit $100 bills, in exchange for goods and genuine currency as change. Serial numbers of counterfeit bills passed at this location matched serial numbers of counterfeit bills passed in other incidents described in this Stipulation.

Ms. Rogers, Paula Green, and Nyteria Green then went to CJ's Tobacco and Liquor, located at 101 N. Eisenhower Drive, Beckley, West Virginia, in the Southern District of West Virginia. Ms. Rogers entered the location and purchased a bottle of liquor, which she paid for with a counterfeit $100 bill. She received genuine currency as change. Shortly thereafter, Nyteria Green entered the store and also purchased a bottle of liquor, which she paid for with a counterfeit $100 bill and received genuine currency as change. Serial numbers of counterfeit bills passed at this location matched serial numbers of counterfeit bills passed in other incidents described in this Stipulation.

Ms. Rogers, Paula Green, Nyteria Green, and Kenyata Smith went to IHOP, located at 1920 Harper Road, Beckley, West Virginia, in the Southern District of West Virginia. At that

Defendant's Initials

PLEA AGREEMENT EXHIBIT A

2

location, the group passed one counterfeit $100 bill. The serial number of this counterfeit bill matched serial numbers of counterfeit bills passed in other incidents described in this Stipulation.

This Stipulation of Facts does not contain each and every fact known to Ms. Rogers and to the United States concerning her involvement and the involvement of others in the charges set forth in the Indictment.

Stipulated and agreed to:

_____     8/5/15
Owynn A. Rogers                     Date
Defendant

_____     8/5/15
John D. Wooton, Jr., Esq.           Date
Counsel for Defendant

_____     8/18/15
Eric P. Bacaj                       Date
Assistant United States Attorney

OR
Defendant's Initials

PLEA AGREEMENT EXHIBIT A

3